MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
LARRY D. SIMONS

**FILED & ENTERED**

**JAN 18 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY sandoval  DEPUTY CLERK**

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>NABEEL NAIEM SLAIEH,<br><br>Debtor. | Case No. 6:13-bk-30133-MH<br><br>Chapter 7<br><br>ORDER DENYING DEBTOR'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUE CHAPTER 7 TRUSTEE AND HIS PROFESSIONALS IN CALIFORNIA STATE COURT<br><br>[MOTION – DOCKET NO. 442]<br><br><u>Hearing</u><br>Date: November 16, 2016<br>Time: 11:00 a.m.<br>Ctrm.: 303 |

On November 16, 2016, at 11:00 a.m., the Honorable Mark D. Houle, United States Bankruptcy Judge, held a hearing with respect to Debtor Nabeel Naiem Slaieh's ("Debtor") Motion for Leave of the Bankruptcy Court to File Suit against Larry D. Simons, Chapter 7 Trustee and his professionals, filed on October 23, 2016, as Dk. No. 442 ("Motion"). Larry D. Simons, the Chapter 7 Trustee ("Trustee") of Debtor's bankruptcy estate ("Estate") appeared through his counsel of record Marshack Hays LLP, by Matthew W. Grimshaw. Debtor appeared through his counsel, the Law Offices of George A. Saba, by George A. Saba. All other appearances were noted on the record.

The Court has considered the Motion filed by Debtor, the Opposition and supporting

1

evidence filed by the Trustee, Debtor's reply brief, all other pleadings and other documents filed in Debtor's bankruptcy, and the oral arguments made during the hearing. For the reasons set forth in the Court's tentative ruling, a copy of which is attached here as Exhibit "1", as supplemented on the record, the Court finds cause to DENY the Motion in its entirety with prejudice.

**IT IS SO ORDERED**.

###

Date: January 18, 2017

Mark Houle
United States Bankruptcy Judge

2

4850-5993-2733, v. 1/1253-007

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                                                       **Hearing Room    303**

11:00 AM
**6:13-30133    Nabeel Slaieh**                                                                         **Chapter 7**

#11.00    Motion For leave to Sue Trustee and his professionals in State Court

EH__

Docket    442

**Tentative Ruling:**

**11/16/16**

**BACKGROUND**

On December 18, 2013, Nabeel Slaieh ("Debtor") filed a Chapter 7 voluntary petition. The duly appointed trustee is Larry Simons ("Trustee").

On May 5, 2014, Trustee filed an application to employ Marshack Hays LLP. That application was granted on May 27, 2014.

On August 7, 2014, Trustee filed an objection to Debtor's homestead exemption and an exemption in $3150 owed by a relative. Trustee's objection was sustained on October 7, 2014.

On December 23, 2014, Trustee filed an objection to Debtor's amended homestead exemption. That objection was sustained on January 16, 2015.

On January 22, 2015, the Trustee filed an application to employ Coldwell Banker and Seaway Properties Real Estate, Inc. as real estate brokers. That application was granted on August 7, 2015.

On August 24, 2015, Trustee filed a complaint against Debtor for: (1) avoidance and recovery of unauthorized post-petition transfer; (2) declaratory relief; and (3) turnover of property of the estate. On August 31, 2016, judgment was entered in favor of Trustee finding that "the transfers contemplate[d] in the 2015 Stipulation, Order, and Grant Deed, and the December 2015 Grant Deed are avoided, preserved, and recovered as unauthorized post-petition transfers pursuant to 11 U.S.C. §§ 549, 550, and 551."

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                                          **Hearing Room    303**

11:00 AM
**CONT...**        **Nabeel Slaieh**                                                                         **Chapter 7**

      On January 26, 2016, Trustee filed an emergency motion for an order compelling Debtor to turn over bankruptcy estate assets and an order allowing Trustee access to market the property without Debtor's presence. That motion was granted on February 8, 2016.

      On April 6, 2016, Trustee filed a motion for an order: (1) authorizing sale of real property located in Temecula, California; (2) sustaining Trustee's objection to Debtor's claim of homestead; (3) compelling Debtor to turnover and vacate real property; and (4) establishing procedure for removal of Debtor's personal property. This motion was granted on May 26, 2016. The sale was authorized on June 22, 2016.

      On May 4, 2016, Debtor filed a motion to recuse the Judge. On June 1, 2016, the motion was denied.

      On October 23, 2016, Debtor filed a motion for leave to sue Trustee and his professionals in state court. Debtor appears to argue that various actions taken by Trustee with regard to the turnover and sale of Debtor's property were illegal. The factual detail is provided by Debtor in regard to the motion is limited. On November 2, 2016, Trustee filed his opposition. On November 7, 2016, Debtor filed a reply.

**DISCUSSION**

      "Barton held federal courts are without jurisdiction to entertain suits against receivers without permission from the appointing court." *Freeman v. Orange Cnty.*, 2016 WL 5860006 at *1 (9th Cir. 2016) (*citing Barton v. Barbour*, 104 U.S. 126 (1881)); *see also Lurie v. Blackwell*, 2000 WL 237966 at *1 (9th Cir. 2000) ("That doctrine established that a trustee 'is not subject to suit without leave of the appointing court for acts done in his official capacity and within his authority as an officer of the court.")*. "Before such leave may be granted, the prospective plaintiffs must set forth a *prima facie* case against the trustee." *In re Kashani*, 190 B.R. 875, 885 (9th Cir. B.A.P. 1995) (Judge Curley). "Additionally, the discretion of the court in exercising its power to grant or deny leave to sue the trustee in a court other than the one in which the trustee has been appointed should include the balancing of the interests of all parties involved." *Id*. at 886. *Kashani* outlined the following analysis if a *prima facie* case is made:

1. Whether the acts or transactions relate to the carrying on of the business connected with the property of the bankruptcy estate. If the proceeding is under 28 U.S.C. § 959(a), then no court approval is necessary. However, the

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                                              **Hearing Room    303**

<u>11:00 AM</u>
**CONT...        Nabeel Slaieh**                                                                                     **Chapter 7**

moving party may request this initial review by the bankruptcy court in the motion for leave to sue the trustee, or perhaps in the form of a complaint, seeking a declaratory judgment from the bankruptcy court.

2. If approval from the appoint court appears necessary, do the claims pertain to actions of the trustee while administering the estate? By asking this question, the court may determine whether the proceeding is a core proceeding or a proceeding which is related to a case or proceeding under Title 11, United States Code.

3. Do the claims involve the individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court, so that the trustee is entitled to quasi-judicial or derived judicial immunity?

4. Are the movants or proposed plaintiffs seeking to surcharge the trustee; that is, seeking a judgment against the trustee personally?

5. Do the claims involve the trustee's breaching her fiduciary duty either through negligent or willful misconduct?

*Id*. at 886-87. First, the moving party must establish a *prima facie* case.


**<u>PRIMA FACIE CASE</u>**

      First of all, Debtor has not even served the trustee with its motion, and, therefore, service is improper. Nevertheless, a defense by the Trustee is not necessary because Debtor has failed to establish any of his points.

Count 1: Breach of Contract:

      11 U.S.C. § 363(b)(1) states, in part: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." 11 U.S.C. § 363 (2010). Therefore, the Trustee cannot enter into a valid sale contract without adequate notice and an opportunity for a hearing. Since notice and a hearing were not present in this case, no valid contract could have been formed, and, therefore, Debtor cannot maintain a cause of action for breach of contract. Furthermore, Debtor does not even technically allege any damages. Instead, Debtor, simply recites the elements of contract formation and then states: "Debtor was able to satisfy each element of a breach of contract." Therefore, Debtor has not, and cannot,

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, November 16, 2016**                                                                              **Hearing Room    303**

11:00 AM
**CONT...        Nabeel Slaieh**                                                                                             **Chapter 7**

    establish a *prima facie* case for breach of contract.

    *Count 2: Fraud:*

    "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). Debtor does not sufficiently allege false representation. "A cause of action for fraud 'must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (Cal. 1996). "This particularity requirement necessitates pleading *facts* which show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (Cal. Ct. App. 1990). Debtor has not even alleged that Trustee made a false representation of *fact*, let alone the other details. Presumably, Debtor is relying on the alleged counter-offer of Trustee. A counter-offer is not a fact that admits of truth or falsity. Therefore, a *prima facie* case has not been raised.

    *Count 3: Extortion:*

    In California, extortion is defined in relation to the following:

> Extortion is the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right.

Cal. Penal Code § 518 (1939). Debtor has not alleged that Trustee obtained any property of Debtor. Even if Debtor had alleged attempted extortion, Debtor has failed to make out a *prima facie* case. Cal. Penal Code § 519 (2014) states:

> Fear, such as will constitute extortion, may be induced by a threat of any of the following:

1. To do an unlawful injury to the person or property of the individual threatened or of a third person.

2. To accuse the individual threatened, or a relative of his or her, or a member of his or her family, of a crime.

3. To expose, or to impute to him, her, or them a deformity, disgrace, or crime.

4. To expose a secret affecting him, her, or them.

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                                                 **Hearing Room      303**

<u>11:00 AM</u>
**CONT...        Nabeel Slaieh                                                                                       Chapter 7**

    5.  To report his, her, or their immigration status or suspected immigration status.

Debtor has not alleged a threat that rises to the level of the actions listed above. In fact, Debtor has not alleged a threat at all. Debtor merely states that Trustee made a demand for $75,000. That serves as the attempt to obtain property. But the second part, the means by which obtainment of the property is attempted, is missing. Debtor has failed to make out a *prima facie* case.

*Count 4: Slander:*

    Slander is defined in California as:

    a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:

1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;

2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;

3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

4. Imputes to him impotence or a want of chastity; or

5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46 (1945). "To prevail in a defamation claim under California law, a plaintiff must allege '(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Bowen v. M. Caratan, Inc.*, 142 F. Supp. 3d. 1007, 1033 (E.D. Cal. 2015) (*quoting Taus v. Loftus*, 40 Cal. 4th 683, 720 (Cal. 2007). "Publication means communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Arikat v. JP Morgan Chase*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006). Here, Debtor has not alleged that Trustee communicated a statement to any third party. Therefore, a *prima facie* case has not been made.

# United States Bankruptcy Court
## Central District of California
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, November 16, 2016**                                                                 **Hearing Room    303**

<u>11:00 AM</u>
**CONT...**        **Nabeel Slaieh**                                                                                         **Chapter 7**

*Count 5: Conversion*

"The elements of conversion are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003). 11 U.S.C. § 541(a)(1) states:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case

11 U.S.C. § 541 (2014). Therefore, Debtor's "ownership or right to possession of the property" vested in the estate. Debtor has filed to allege that it had any property interest that could be converted and has failed to make out a *prima facie* case of conversion.

*Count 6: Negligence:*

In California, the elements of negligence are: "(a) a *legal duty* to use due care; (b) a *breach* of such duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury." *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996). Debtor does not state how the duty was breached, but instead simply recites that the duty was breached: "Defendants had a duty to protect and secure the Property by replacing the missed windows and doors to protect the Property from theft and vandalism. As a result of the breach of this duty, Debtor and his family members were damaged in the loss of their personal property." Threadbare recitals of the elements do not constitute a *prima facie* case. *See generally Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Debtor has not put forward a *prima facie* case.

*Counts 7*: Intentional Infliction of Emotional Distress:

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009). First, Debtor has failed to allege

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                    **Hearing Room**    **303**

<u>11:00 AM</u>
**CONT...**      **Nabeel Slaieh**                                                                             **Chapter 7**

that any of Trustee's alleged actions were done with the intention of causing emotional distress or with reckless disregard thereto. Instead, Debtor has simply alleged that Debtors actions were intentional and/or reckless, but has not speculated on their aim. Second, Debtor has not actually alleged any facts at all, but instead has described Trustee's conduct by reference to broad legal conclusions. Therefore, Debtor has not put forward a *prima facie* case of intentional infliction of emotional distress.

*Count 8:* Wrongful Eviction:

"Debtor alleges that he was wrongly evicted from his residence for failure to follow state and city eviction laws. Debtor will be able to show and prove that the bankruptcy court's order to evict the result of fraud perpetrated by the Defendants against the bankruptcy Court." The first sentence is a threadbare recital of the elements and/or a legal conclusions and does not constitute a *prima facie* case. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The second sentence seems to state that the eviction was carried out according to a legal order, and, therefore, lawful, but that the basis of that order was incorrect. Requesting leave to sue the Trustee is not the proper way to address the alleged faultiness of a court order. Debtor has not put forward a *prima facie* case.

### **EVIDENTIARY PROBLEMS & DEBTOR'S REPLY**

The Trustee further points out that Debtor's appears to have failed to comply with Local Rule 9013-1(i) which requests that factual contentions must be determined upon declarations and other written evidence. As Trustee points out, Debtor has failed to provide any evidence at all in support of his motion.

In response to this argument of Trustee, Debtor has offered his own interpretation of Federal Rules of Evidence 408. Debtor's interpretation has no basis in the rule. Furthermore, Debtor's argument concerning whether certain evidence is admissible is irrelevant as to whether there was any evidence provided. While Debtor has now provided sworn declarations in his reply, the Local Rule requires that evidence be provided in the motion, so that the opposing party is afforded an opportunity to respond. As noted above, however, even without this procedural defect, Debtor's arguments lack substantive merit.

The remainder of Debtor's reply appears to consist of an argument explaining

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, November 16, 2016**                                                    **Hearing Room    303**

<u>11:00 AM</u>
**CONT...        Nabeel Slaieh**                                                                   **Chapter 7**

why Debtor must obtain leave of this Court and rejecting an exception that would allow Debtor to maintain an action without leave of this Court. The Debtor has not, however, satisfied the preliminary question that would allow this Court to grant such leave.

**TENTATIVE RULING**

The Court's tentative ruling is to DENY the motion in its entirety.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

Nabeel Slaieh                                    Represented By
                                                                George A Saba

**Movant(s):**

Nabeel Slaieh                                    Represented By
                                                                George A Saba
                                                                George A Saba

**Trustee(s):**

Larry D Simons (TR)                       Represented By
                                                                D Edward Hays
                                                                David Wood
                                                                Matthew Grimshaw