

**FILED & ENTERED**

**JUL 13 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY sandoval DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Nabeel Slaieh<br><br>Debtor(s). | Case No: 6: 13-bk-30133-MH<br><br>Chapter: 7<br><br>**ORDER GRANTING MOTION AND DETERMINING THAT AUTOMATIC STAY TERMINATED UPON ENTRY OF JUDGMENT DENYING DISCHARGE**<br><br>Date: July 12, 2017<br>Time: 10:00 a.m.<br>Place: 3420 Twelfth Street<br>Riverside, CA 92501<br>Courtroom: 303 |

On June 19, 2017, CFFC, Inc. filed a motion for a determination whether the automatic stay terminated upon entry of judgment denying Debtor a discharge. Debtor did not file any opposition to the motion (which was required to be filed fourteen days prior to the hearing), but, nevertheless, Debtor's counsel appeared at the hearing and opposed the Court's tentative ruling. The primary argument raised by Debtor's counsel during his oral argument was that because Debtor appealed the judgment of October 25, 2016, denying Debtor's discharge ("Judgment"), the Judgment was not yet effective. Debtor

- 1 -

did not, however, seek or obtain a stay pending appeal. In addition, it does not appear that Debtor timely filed an appeal of the Judgment. Therefore, in accordance with the Court's tentative ruling (attached as Exhibit A) and, additionally, for the reasons set forth on the record, the Court GRANTS the motion confirming that the automatic stay terminated upon entry of Judgment. IT IS SO ORDERED.

###

Date: July 13, 2017

Mark Houle
United States Bankruptcy Judge

# EXHIBIT A

**07/12/2017**

**BACKGROUND**

On December 18, 2013, Nabeel Slaieh ("Debtor" or "Defendant") filed for chapter 7 relief. Larry D. Simons is the duly appointed chapter 7 trustee ("Trustee").

Among the assets of the bankruptcy estate is certain real property located at 40834 Baccarat Rd., Temecula, CA ("Property").

On August 29, 2014, the Office of the United States Trustee ("UST") filed a Complaint Objecting to Discharge or, Alternatively, Seeking Dismissal of the Case for Abuse ("Complaint"). An Answer was filed on October 21, 2014. On July 10, 2016, the UST sought Court authority to file a supplemental Complaint and extend the discovery and dispositive motion deadline. On September 10, 2015, the Court entered its order authorizing the filing of the Supplemental Complaint. The Supplemental Complaint was filed on September 16, 2015. The Supplemental Complaint added the Sixth and Seventh Claims for Relief under §§ 727(a)(2) and (d)(1). On June 28, 2016, the Court Granted the Defendant's Motion to Dismiss the Seventh Claim under § 727(d)(1).

On July 8, 2016, the UST filed a Motion for Final Order to Enter Partial Summary Judgement or in the Alternative, Summary Adjudication of Material Facts as to the Sixth Claim for Relief. On October 21, 2016, the Court entered its order granting the UST's Motion for a Final Order and on October 25, 2016, entered final judgment on the Sixth Claim for Relief (the "Judgment"), denying the Debtor his discharge. The Debtor did not seek reconsideration and did not timely appeal the Court's Judgment.

On January 27, 2017, the UST filed a Motion to Dismiss Unresolved Claims Without Prejudice (the "Request to Dismiss Remaining Claims"). In its Request to Dismiss Remaining Claims, the UST indicated that the Debtor disputed whether the Court's Judgment was final because it did not address all of the claims raised by the Complaint and, relatedly, whether the time for Debtor to appeal the denial of

discharge had lapsed. On March 22, 2017, the Court granted the UST's Request to Dismiss Remaining Claims. The Debtor then filed his Notice of Appeal of the Court's Judgment on April 1, 2017. The Debtor did not request a stay pending appeal.

On June 19, 2017, CFFC, Inc. and Brian Ostler, Sr., Esq. ("Movant") filed a motion for determination of whether stay in favor of the Debtor terminated pursuant to 11 U.S.C. § 362(c)(2)(C), upon entry of judgment denying discharge ("Motion"). The Motion indicates that Debtor's counsel and the Debtor were served by US Mail on June 14, 2017. Based on the proof of service, in addition to the correspondence between Mr. Saba and Movant, the Court finds that Debtor had sufficient due process. Despite having been served with the Motion, no opposition has been filed by the Debtor.

**DISCUSSION**

Movant indicates that he filed an action in Pomona Superior Court against the Debtor for fraudulent transfer, conspiracy to fraudulently transfer and recovery for violation of Business and Professions Code § 17200 et seq. (the "State Court Action") on November 30, 2016. The State Court Action was served on the Debtor on January 3, 2017, and a default was entered against the Debtor on February 21, 2017.

On June 5, 2017, the Movant received correspondence from Debtor's counsel demanding that the default in the State Court Action be set aside, and asserting that failure to do so would result in the Debtor filing an adversary action seeking damages for violation of the automatic stay. (Exhibit 3).

Movant further asserts and provides copies of email correspondences indicating that Debtor's counsel argued to Movant prior to the filing of the instant Motion that the Judgment denying the Debtor his discharge had been appealed and was "without any force and/or effect." (Exhibit 5).

Movant requests that this Court confirm that the steps already taken in the State Court Action have not and will not violate the stay and that there is no stay in effect.

The automatic stay of acts against debtor *in personam* expires when the debtor is granted or denied a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c).

Here, the Movant is correct that the Court denied the Debtor his discharge pursuant to the October 25, 2016, Judgment. Thus, the Court finds that the automatic stay of acts against the Debtor, *in personam,* expired on the date the Judgment was entered.

In contrast, acts against property of the estate remain stayed. However, the State Court Action appears to clearly state that "it does not seek to obtain possession of property of the Bankruptcy Estate or of property from the Bankruptcy Estate or to exercise control over property of the Bankruptcy Estate, or to create, perfect, or enforce any lien against property of the Bankruptcy Estate." (Ex. 2 at 2, ¶3).

**TENTATIVE RULING**

As set forth above, the Court finds that pursuant to § 362(c)(2)(C), the automatic stay terminated as to Movant (as to non-estate property) as of October 25, 2016. As such, the actions initiated by the Movant against the Debtor as of November 2016 with respect to the State Court Action do not violate the automatic stay, and shall not violate the automatic stay as long as Movant makes no attempt to obtain possession/control of estate property.

APPEARANCES REQUIRED.